IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,460-01






EX PARTE CHESTER LEE MINOR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 874-D IN THE 350TH DISTRICT COURT


FROM TAYLOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
motor vehicle and sentenced to twelve years' imprisonment. 

 Applicant contends, inter alia, that the Texas Department of Criminal Justice is not
calculating his sentence in this case correctly. Specifically, he alleges that this sentence is being
calculated to run consecutive to two other sentences that should run consecutive to this sentence. In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294,
294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit detailing how Applicant's time is being calculated in this case, and in
other cases that affect the calculations of this sentence, if necessary. It appears that Applicant has
been in and out of prison several times since sentencing. If applicable, the affidavit should address
any street time that Applicant has been awarded or has forfeited. The affidavit should also list each
date Applicant was received into TDCJ custody and account for each portion of time served under
this sentence and any other sentences that are relevant to the calculations.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether the time
Applicant has served for this sentence is being calculated properly. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: December 19, 2012

Do not publish